IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN TUERSFELDMAN | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 19-2853-JMY |
| JENNERSVILLE REGIONAL | : | |
| HOSPITAL *et al.* | : | |

**OPINION**

**Younge, J.**                                                                                         **April 22, 2022**

Dawn Tuersfeldman ("Plaintiff") brought this action against her former employers, Jennersville Regional Hospital; Jennersville Hospital, LLC; and Tower Health (collectively "Defendants"). Plaintiff alleges several counts of disability discrimination under the Americans with Disabilities At ("ADA"), 42 U.S.C. § 12101, *et seq.*, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq*. Plaintiff also includes a related breach of contract claim. Plaintiff alleges that her employer, which had recently experienced a change in management, terminated her employment upon learning of her request to take an extended medical leave in order to receive care for a brain tumor and seizure condition. She claims these job actions discriminated against her because of her disability in violation of the ADA and violated the FMLA by retaliating against her for taking medical leave. She also alleges a breach of contract action based on her employer's alleged failure to render compensation benefits she claims she was due.

Defendants now move for summary judgment. ("Def. MSJ," ECF No. 30.) Defendants argue they lacked knowledge of Plaintiff's medical conditions or her request for FMLA leave when the termination decision was made. (Def. MSJ at 5-13.) They also argue Plaintiff is not due the

relief she requests following her termination because the contract to which she refers was not an enforceable promise and is preempted by federal law. (*Id*. at 21-27.)

Summary Judgment is appropriate if the movant shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *Liberty Mut. Ins. Co. v. Sweeney*, 689 F.3d 288, 292 (3d Cir. 2012). To defeat a motion for summary judgment, there must be a factual dispute that is both genuine and material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 24-49 (1986); *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008). A material fact is one that "might affect the outcome of the suit under the governing law[.]" *Anderson*, 477 U.S. at 248. A dispute over a material fact is "genuine" if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Id*.

The movant bears the initial burden of demonstrating the absence of a genuine dispute of a material fact. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016). When the movant is the defendant, they have the burden of demonstrating that the plaintiff "has failed to establish one or more essential elements of her case." *Burton v. Teleflex Inc.,* 707 F.3d 417, 425 (3d Cir. 2013). If the movant sustains their initial burden, "the burden shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (internal quotation marks omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

At the summary judgment stage, the court's role is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249; *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007). In doing so, the court must construe the facts and inferences in the light most favorable to the non-

moving party. *See Horsehead Indus., Inc. v. Paramount Commc'ns, Inc.*, 258 F.3d 132, 140 (3d Cir. 2001). Nonetheless, the court must be mindful that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Defendants essentially argue Plaintiff cannot make out a *prima facie* case of FMLA retaliation or disability discrimination because the decision to "separate" Plaintiff from her employment was made before certain personnel ever learned of her medical condition or request for FMLA leave. (Def. MSJ at 5-8.) Defendants argue that in order for Plaintiff to prove her claim, she must demonstrate that certain personnel (Tower Health Chief Operating Officer Therese Sucher, Tower Health Chief Nursing Officer Mary Agnew, and Chief Human Resources Officer Russell Showers) knew of Plaintiff's alleged medical conditions and FMLA leave request at the time of the termination decision. (*Id*. at 8.) Defendant argues the date of this decision to "separate" Plaintiff from her employment was made on November 6, 2017, *Id*. at p. 9 (citing SUMF ¶¶ 79-86), and memorialized on November 30, 2017 over email. (*Id*., citing SUMF ¶ 105.) Defendants argue it only learned of Plaintiff's medical conditions and her FMLA leave request *after* the employment decision had been made. (Id. at 10, citing SUMF ¶ 111.) In so arguing, Defendants implicate several conversations between personnel in which this information was passed along, and which predated Plaintiff's request for FMLA leave on December 14, 2017. (*Id*. 10.) Defendants urge this Court to refrain from conflating the timing of its decision regarding Plaintiff's employment with the timing of the actual conversation with Plaintiff terminating her employment on December 19, 2017. (*Id*.)

Defendants also argue that irrespective of Plaintiff's ability to establish a *prima facie* case, she cannot prove their reasons for relieving her of her duties were pretextual. (*Id*. at 13 (citing *Ma*

*v. Westinghouse Elec. Co., LLC*, 559 F. App'x 165 165, 170 (3d Cir. 2014) ("[t]he inquiry into pretext centers on the employer's beliefs and to be blunt about it, not reality as it exists outside the decision maker's head.").) Rather, Defendants point to issues surrounding Plaintiff's performance to establish a legitimate, non-discriminatory reason for its employment decision such as Plaintiff's lack of leadership skills to solve routine problems, her struggle to lead the nursing department, and her failure to secure sufficient staffing. (Id. at 13-20.)

Upon examination of the briefing, Plaintiff has provided adequate evidence of a factual disputes that cannot be resolved on summary judgment. A sufficient amount of evidence is in dispute regarding Defendants' knowledge of Plaintiff's medical condition and her plan to take FMLA leave, and how it may have affected their employment decisions. (Pl. Response, ECF No. 31, at 12-16.) Further, determining the sequence of events will require the jury to determine the credibility of certain personnel who allegedly based the employment decision on non-discriminatory reasons. (Id. at 10-11.) These determinations alone are enough to deny Defendants' motion and proceed to trial. *See Sheridan v. E.I. Dupont de Nemours & Co.*, 100 F.3d 1061, 1071-1072 (3d Cir. 1996) ("a finding of discrimination is at bottom a determination of intent. In making that determination, the jury must perform its traditional function of assessing the . . . credibility of the witnesses through observation of both direct testimony and cross-examination at trial.") In addition to the timing of Plaintiff's termination, Plaintiff has produced evidence that Defendants received complaints about multiple high-level employees, but the only one terminated was Plaintiff. (Pl. Response at 20-21.) Moreover, Plaintiff provides enough evidence to dispute whether her performance was the true reason for Defendants' employment decision. (*Id*. at 22-32.) For example, Plaintiff points to several inconsistencies in testimony regarding the reason for her termination, which originally was purported to be due to her involvement in a patient's death. (*Id*.

at 22.) Such explanations for Defendants' decision and the credibility of the person proffering it require fact-finding by the jury. Since Plaintiff has pointed to several material factual disputes which are inappropriate for our disposition at summary judgment, we shall deny Defendants' motion for summary judgment.[1]

                                                  **BY THE COURT:**

                                            /s/ John Milton Younge
                                           **JUDGE JOHN MILTON YOUNGE**

---

[1] At this time, the Court will also deny summary judgment regarding Plaintiff's breach of contract claim. Upon review, there exist genuine issues regarding the formation of a contract (including the parties' intent), the ambiguity of the purported contract's language, and whether the purported contract is governed by ERISA.